TAYLOR et al v. ONORATO et al                                                                                    Doc. 55

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CELESTE TAYLOR, RICHARD KING, )
RICHARD D. McWILLIAMS, TIM )
STEVENS, CONSTANCE PARKER, )
WALI JAMAL ABDULLAH, ROBERT )
ALAN ROBERTSON, and PEOPLE )
FOR THE AMERICAN WAY, )
 )
      Plaintiffs, )
 )
  v. ) 
 ) Civil Action No. 06-481
DAN ONORATO, Allegheny County )
Chief Executive, PEDRO A. )
CORTES, Secretary of the )
Commonwealth, HARRY VANSICKLE, )
Commissioner, Pennsylvania )
Bureau of Legislation, )
Elections, and Commissions, )
THE ALLEGHENY COUNTY BOARD )
OF ELECTIONS, JAMES M. FLYNN )
JR., County Manager for )
Allegheny County, WAN J. KIM, )
Assistant Attorney General, )
ALBERTO GONZALES, Attorney )
General for the United States, )
 )
      Defendants. )


PRE-HEARING MEMORANDUM

Gary L. Lancaster,                                              April 24, 2006
District Judge.

    In anticipation of the preliminary injunction hearing scheduled for Tuesday, April 25, 2006, the parties should be advised that the Court is only interested in hearing testimony that is material to the decisions that it must make in ruling on

the pending motion for a preliminary injunction. Specifically, the Court will hear testimony on the following issues:

1. Whether Congress intended to provide a private cause of action to enforce section 301 of the Help America Vote Act ("HAVA").

2. Whether the ES&S machine has been certified by the appropriate certifying authorities as meeting the requirements of HAVA. If so, whether there is a right of judicial review of that decision, and the appropriate standard of review.

3. The operation of the ES&S machine itself, including the steps that are required to vote, and its advantages and shortcomings.

4. Any educational programs that the County has in place or plans to have in place to educate the poll workers and the electorate on the proper use of the machine.

5. Whether there will be sufficient machines in place at the election polls by May 16, 2006 to serve an expected voter turnout. If not, any alternative plans the County has developed to ensure that all qualified voters can vote on May 16, 2006.

6. The history of the ES&S machine in other elections, whether positive or negative.

The Court is not interested in hearing, and will deem irrelevant, testimony relating to:

1. The decision-making process and dynamics that led to the County's decision to purchase the ES&S machines as opposed to another system.
2. Whether other systems, when compared to the ES&S system, are more preferable.

Finally, the hearing is changed from 9:30 a.m. to 1:00 p.m. April 25.

BY THE COURT:

_____, J.

cc:   All Counsel of Record